FILED '08 DEC 03 15:58 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DAYTON PRINGLE, JR.,            Civ. No. 08-6273-AA

    Plaintiff,                           OPINION AND ORDER

    v.

Officer Hank Majetich, et al.,

    Defendants.

AIKEN, Judge:

    Plaintiff, appearing *pro se*, filed suit against defendants alleging unlawful seizure, interference with and conspiracy to deny his constitutional right to travel, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). All defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The motions are granted.

1    - OPINION AND ORDER

Plaintiff's claims arise from a traffic stop allegedly effectuated by City of Redmond police officers Majetich, Garibay, Kurpinsky, and Ganbay. According to the allegations in his complaint, plaintiff was stopped for failing to use a turn signal and asked for his license and vehicle registration. Plaintiff refused to produce the requested documents, insisting that he was not operating a commercial vehicle that required license and registration. Ultimately, plaintiff was cited for Driving While Suspended.

State defendants Oregon Department of Transportation and Oregon Department of Motor Vehicles, and their respective directors, move for summary judgment on grounds that no State actor played a role in the traffic stop or the issuance of the citation. State defendants are correct and entitled to dismissal of the claims against them on this ground alone.

Regardless, plaintiff's claims against State defendants are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution prohibits plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. <u>Raygor v. Regents of Univ. of Minn.</u>, 534 U.S. 533, 540-542 (2002); <u>College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.</u>, 527 U.S. 666, 670 (1999); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 97-100 (1984). Further, for the

reasons cogently explained in State defendants' supporting memorandum, plaintiff fails to state a claim against the State under 42 U.S.C. §§ 1983 and 1986 or RICO. Accordingly, State defendants' motion to dismiss is granted.

Next, City of Redmond defendants move for summary judgment, arguing that no City of Redmond defendant violated plaintiff's federal constitutional rights by stopping plaintiff for a traffic violation and requesting his driver's license and registration. I agree. A traffic stop is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996). Plaintiff does not dispute that he failed to use his turn signal; therefore, the officers had probable cause to stop him for a traffic citation. Further, a request for identification and vehicle registration does not convert a lawful traffic stop into an unlawful seizure. See Muehler v. Mena, 544 U.S. 93, 100-01 (2005).

Apparently, plaintiff is under the misguided belief that the operation of a vehicle for personal use does not require a driver's license or vehicle registration. However, the State of Oregon's regulation of motor vehicles through licensing and registration does not infringe plaintiff's right to travel. See Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999); Monarch Travel Servs. Inc., v. Associated Cultural Clubs, Inc., 466 F.2d 552, 554 (9th Cir. 1972). And, as stated above, plaintiff does not allege viable

claims against any defendant under 42 U.S.C. § 1986 or RICO.

Finally, defendant Fadeley, Justice of the Peace for Deschutes County, moves for dismissal on grounds of judicial immunity. Based on the facts alleged in plaintiff's complaint, defendant Fadeley was acting in his capacity as a judicial officer by adjudicating the traffic citation issued to plaintiff, presumably not in plaintiff's favor. Judges are absolutely immune from liability for damages for their judicial acts, and this immunity extends to justices of the peace. Stump v. Sparkman, 435 U.S. 349 (1978); Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000). Therefore, defendant Fadeley is entitled to judicial immunity with respect to all claims against him.

## CONCLUSION

Defendants' Motions to Dismiss (docs. 8, 10, 12) are GRANTED, and plaintiff's Complaint is HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this 3RD day of December, 2008.

_____
Ann Aiken
United States District Judge

4   - OPINION AND ORDER